**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**TA'SHANIA BEAN**                                                    **CIVIL ACTION**

**v.**                                                                          **NO: 25-1910**

**CRESCENT CITY SCHOOLS D/BA**                              **SECTION: C (4)**
**PAUL HABANS CHARTER SCHOOL**

**ORDER AND REASONS**

Before the court is defendant's <u>Motion to Dismiss Pursuant to Fed. R. Civ. P.</u>
<u>12(B)(6)</u> filed on November 25, 2025 (R. Doc. 8).  The motion is **GRANTED**.

**BACKGROUND**[1]

Plaintiff, Ta'Shania Bean, an African American woman, alleges wrongful
termination, discrimination based upon race, and retaliation by defendant, Crescent
City Schools d/b/a Paul Habans Charter School. Bean's complaint states she was
terminated following an email she sent to her supervisor at Habans School.  The
email alleged "discrimination".  Following her termination, Bean filed suit after
allegedly receiving notice of her right to sue from the Equal Employment
Opportunity Commission[2]

---

[1] Plaintiff's original petition for damages was filed in Louisiana state court on August 19, 2022.
R. Doc. 1-2 at 1–4.  Defendant removed the matter to federal court. (R. Doc. 1).
[2] The charge filed with, and notice provided by, the Equal Employment Opportunity Commission
is not in the record.

1

Habans School moved to dismiss Bean's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  Habans School argues Bean offered only speculative and conclusory allegations unsupported by facts necessary to assert a cause of action. Specifically, Habans School contends Bean being an African American woman, coupled with her termination following the email alleging "discrimination", are conclusory allegations and do not provide facts supporting a race-based motivation for her termination.

## ANALYSIS

A Rule 12(b)(6) motion challenges the sufficiency of a plaintiff's allegations. A complaint, or any part of it, may be dismissed for failure to state a claim upon which relief may be granted if plaintiff fails to set forth factual allegations that would entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

To survive, a complaint must contain sufficient facts, accepted as true, to state a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  Determining whether a complaint states a plausible claim for relief is a context-specific task requiring the application of judicial experience and common sense.  *Id.* at 679.

In evaluating a Rule 12(b)(6) motion, the court is generally confined to the pleadings and documents attached to the complaint. *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The Court may also consider documents attached to the motion to dismiss or an opposition to that motion when those documents are referred to in the pleadings and are central to a plaintiff's claims. *Carter v. Target Corp*, 541 Fed. Appx. 413, 416 (5th Cir. 2013). The court "may also consider matters of which [it] may take judicial notice." *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996)).

While detailed factual allegations are not required, a complaint must offer more than labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Iqbal*, 556 U.S. at 678. "The complaint is construed in the light most favorable to plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004) (citation omitted). However, the court will not accept "conclusory allegations, unwarranted factual inferences, or legal conclusions" as true. *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). If factual allegations are

insufficient to raise a right to relief above the speculative level, the claim should be dismissed. *Twombly*, 550 U.S. at 555.

*Discrimination*

Under both federal and Louisiana law,[3] to state a prima facie case of discrimination a plaintiff must allege he (1) is a member of a protected group, (2) was qualified for the position at issue, (3) was discharged or suffered adverse employment action by the employer, and (4) was replaced by someone outside his or her protected group or was treated less favorably than other similarly situated employees outside the protected group. *Clark v. City of Alexandria*, 116 F.4th 472, 486 (5th Cir. 2024); *Mitchell v. Tracer Construction Co.*, 256 F. Supp. 2d 520, 530 (M.D. La. 2003) (*citing Nichols v. Lewis Grocer*, 138 F.3d 563, 565 (5th Cir.1998) ("Courts have continually turned to federal employment discrimination law, including Title VII and the well-developed jurisprudence arising thereunder, for interpretation of Louisiana's anti-discrimination statute."). Although production of evidence establishing a prima facie case is not required at this stage, a plaintiff must "plead sufficient facts to make a plausible claim." *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (citations omitted).

---

[3] The federal and Louisiana statutes governing racial discrimination in employment are found at 42 United States Code section 2000e-2(a)(1) and Louisiana Revised Statutes section 23:332.

4

Bean alleges only threadbare facts of discrimination.  Those are: Bean is an African American woman; she sent an August 19, 2021 email to her supervisor alleging "discrimination"; and, on that same day, she was terminated.  Bean provides no context for the email.  She does not describe the "discrimination" or its nature, who her supervisor was, whether the "discrimination" was pervasive or just directed at her, who the target was, who filled Bean's position after her termination, or any other substantive fact to support the claim of "discrimination".  Bean does not allege she was qualified to hold the position she held at Habans School, or that she was replaced by a non-African American individual or was treated less favorably than other similarly situated non-African American employees.  There are no facts alleged to connect her status as an African American to her termination.  And that alone is not enough.

Despite the more lenient analysis applied to complaints facing Rule 12(b) motions to dismiss, Bean's allegations are insufficient.  She fails to allege a plausible claim for discrimination under federal or Louisiana law.

*Retaliation*

Bean also alleges "retaliation" under both federal and Louisiana law.[4]

---

[4] The federal and Louisiana statutes governing retaliation in employment are found at 42 United States Code section 2000e-3(a) and Louisiana Revised Statutes section 23:967.

5

A prima facie case for retaliation under federal law requires a showing that "(1) [she] participated in an activity protected by Title VII; (2) [her] employer took an adverse employment action against [her]; and (3) a causal connection exists between the protected activity and the adverse employment action." *Newbury v. City of Windcrest, Texas*, 991 F.3d 672, 678 (citation omitted). At the pleading stage, a plaintiff must allege facts that allow the reasonable inference that she engaged in a "protected activity" and, as a result, her employer unlawfully retaliated. *Raj v. Louisiana State University*, 714 F.3d 322, 330 (5th Cir. 2013). Federal law defines "protected activity" to include "opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII." *Williams v. Recovery School Dist.*, 859 F. Supp. 2d 824, 830–31 (E.D. La. 2012) (*citing Ackel v. National Communications, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003)). Louisiana courts generally interpret its anti-retaliation statute in the same manner. *Rayborn v. Bossier Parish School Bd.*, 881 F.3d 409, 415 (5th Cir. 2018) ("[O]ur precedent, and that of the Louisiana state courts, has consistently cited to Title VII standards in interpreting § 23:967.").

Here, the only fact pled that can be inferred as a "protected activity" is sending the email to Bean's supervisor. The adverse employment action, that is, termination on August 19, 2021, allegedly occurred after that email. However, no facts are pled

6

that describe the "discrimination" complained of in the email. If there was underlying discrimination (an unlawful employment practice) and her email declared opposition to it, that could satisfy the first prong of 42 U.S.C. § 2000e-3(a). "To satisfy th[e] opposition requirement, [a plaintiff] need only show that she had a reasonable belief that the employer was engaged in unlawful employment practices." *Turner v. Baylor Richardson Medical Ctr.*, 476 F.3d 337, 348 (5th Cir.2007) (citation and internal quotations omitted). The problem here is that Bean's complaint fails to allege a fact from which a reasonable inference of retaliation can be drawn. Bean's allegations, without additional facts listed in support, that she is African American and emailed an unidentified supervisor complaining of "discrimination" does not satisfy the statute.

Bean contends the close time between the alleged protected activity and her termination supports the plausibility of causation. While "close timing" can support a prima facie case for causation, it does not negate the requirement of showing an underlying protected activity. *Paulin v. United States Department of Homeland Security*, No. 19-14748, 2022 WL 952262, at *6 (E.D. La. March 30, 2022) (*citing Feist v. Louisiana Department of Just.*, 730 F.3d 450, 454 (5th Cir. 2013)). Because her allegation fails to sufficiently state a "protected activity", the causation element is immaterial. The complaint fails to state a plausible claim of retaliation under either federal or Louisiana law.

*Wrongful Termination*

Bean further alleges wrongful termination under Louisiana law.

Louisiana Civil Code Article 2747 states: "A man is at liberty to dismiss a hired servant attached to his person or family, without assigning any reason for so doing." This codifies the at-will employment doctrine and allows an employer to terminate an employee at any time, for any reason, "provided that the termination violates no statutory or constitutional provision and, obviously, that there is no contract of employment for a definite term." *Obienu v. Algiers Charter School Association, Inc.*, No. 25-417, 2026 WL 25094, at *6 (E.D. La. Jan. 5, 2026) (*citing Johnson v. Delchamps, Inc.*, 897 F.2d 808, 810 (5th Cir. 1990).

Bean does not allege a constitutional violation. As analyzed above, she does not allege a plausible statutory claim. No employment contract is alleged. Bean fails to state a claim of wrongful termination.

## CONCLUSION

The <u>Motion to Dismiss pursuant to Fed. R. Civ. P. 12(B)(6)</u> is **GRANTED**. Plaintiff is granted LEAVE TO AMEND the complaint within twenty-one days of the date of this order.[5]

---

[5] *See* Federal Rule of Civil Procedure 11(b) ("By presenting to the court a pleading . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing

New Orleans, Louisiana this 31st day of July 2026

_____
WILLIAM J. CRAIN
UNITED STATES DISTRICT JUDGE

---

new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.").